DUANE GRAY, d/b/a Pekin Rental Center, Plaintiff-Appellee, *v.* ROBERT G. DAVIS, d/b/a Davis Welding and Manufacturing Company, Defendant-Appellant.

Third District   No. 76-63

Opinion filed January 11, 1977.

Lindholm and Williamson, of Peoria (Nile Williamson, of counsel), for appellant.

Richard G. Hayes, of Pekin, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is by defendant, Robert Davis, d/b/a Davis Welding and Manufacturing Company, from the judgment of the circuit court of Tazewell County, after trial by jury, finding in favor of plaintiff, Duane Gray, d/b/a Pekin Rental Center, in the amount of $3,555.92.

The plaintiff bought a Davis BB500 loader and trailer from the defendant on October 1, 1973, for a purchase price of $5,579.92, which was paid in full by plaintiff. At trial the plaintiff abandoned any claim with respect to the trailer and stated he had paid defendant the sum of $4,805.92 for the loader. The loader was a demonstrator with 42 hours on it. Plaintiff bought it with the intention of using it in his machine rental business.

Plaintiff alleged in his amended complaint the loader was guaranteed for one year from the date of delivery against defects in material and workmanship. All repairs performed by defendant on the loader were performed without charge to plaintiff. Within one year of the time defendant delivered the loader to plaintiff on October 1, 1973, the loader was returned to defendant's plant in Gibson City, Illinois, numerous times for repairs, which included replacement of hub and wheel, cleaning the carburetor, repairing damage to the wear pump, repairing the hydraulic system, replacement and repair of the hydraulic line, replacement of the key in the main pump gear, replacement of power and connection of hour meter, replacement of all steel lines on bracket, and replacement of pump and motor wear plate. At the close of the evidence, the plaintiff filed an amendment to his complaint for which leave was granted. The amended complaint alleges that the loader did not conform to the contract between the parties and plaintiff relied upon defendant to repair the loader but defendant did not repair it, and plaintiff rejected the loader and notified the defendant of his reasons for the rejection. The loader has remained in the possession of plaintiff throughout the litigation.

The trial court denied motions by the defendant for a directed verdict at the close of plaintiff's evidence, and at the close of all the evidence the jury returned a verdict in favor of plaintiff for $3,555.92. Judgment was entered thereon.

The first issue relates to the sufficiency of the evidence. Defendant contends plaintiff failed to prove the loader did not become inoperable because of accident, misuse or improper maintenance, and furthermore

he contends plaintiff failed to prove a rejection or justifiable revocation of the loader within a reasonable time after discovery of the alleged defects. Plaintiff on the other hand argues there was evidence the loader did not operate correctly when plaintiff purchased it. Plaintiff presented evidence the loader developed leaks in the hydraulic system and that when this occurred there was a loss of power which controlled both the backward and forward movement of the machine and the operation of the bucket. He also presented evidence that after the machine was returned from defendant's plant in Gibson City after being worked on, it operated only a few minutes before developing more problems. Plaintiff testified that after having the machine for about 5 months, he had a conversation with the defendant and asked him to admit he would never be able to fix the loader and asked for his money back. Defendant told plaintiff he would get it fixed and would make it right and see that the plaintiff would get his money back. On one occasion the loader was left with the defendant for over 30 days for repair, after which it ran for only a few minutes. At the time of the trial, the loader had not been running for over 1 year, and the last time it moved it had to be moved by a wrecker. Plaintiff presented evidence that every time the loader was used, it was checked by plaintiff or his employees and serviced and customary maintenance was performed on the machine.

■■ There was considerable evidence over which there is much conflict. Defendant cites *Pedrick v. Peoria & Eastern Ry. Co.*, 37 Ill. 2d 494, 229 N.E.2d 504, in support of his argument he should have been entitled to a judgment *n.o.v.* However, it is not our function as a court of review to resolve disputed questions of fact. The assertions of both parties were vigorously contested. There was sufficient evidence in the instant case to support the verdict, and whether we would have resolved the factual questions consistent with the jury's verdict is not an issue before a court of review.

■■ Defendant contends there were trial errors which would entitle him to a new trial. The first such issue is whether the trial court erred in allowing testimony of the fair market value of the loader approximately 2 years after the date of delivery. Defendant cites the Uniform Commercial Code for the rule that the measure of damages for the breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. (Ill. Rev. Stat. 1973, ch. 26, par. 2—714(2).) Plaintiff's witness, Dale Oakley, stated the fair market value of the loader was $1,250 on October 6, 1975, which was about 2 years after delivery of the loader. Defendant objected to the use of that figure for valuation. The court allowed the figure to stand to show the present value of the loader but

sustained the objection as to damages. The amount stated in the verdict, however, represents this $1,250 value subtracted from the original sales price of $4,805.92. Plaintiff argues that if defendant wanted to he could have tendered to the court an instruction limiting the use of the value of the loader but no such instruction was tendered. Accordingly, defendant should have requested an instruction limiting the use of this figure and defendant's failure to do so must be deemed a waiver, citing *Jamison v. People*, 145 Ill. 357, 34 N.E. 486, and *Eizerman v. Behr*, 9 Ill. App. 2d 263, 132 N.E.2d 788. The jury's verdict and the apparent method of computation represented a practical determination that the plaintiff was entitled to recover the purchase price.

Defendant argues also that the admission of testimony of Lester Taylor was irrelevant to the case. Taylor testified as to an occurrence with the loader in January or February 1975, which was beyond the period under consideration. Plaintiff argues that when Taylor stated he brought the loader in for repair in the winter of 1975, he in fact meant to state the winter of 1974 and that any dispute in the evidence regarding the actual date of this repair would go to the weight and not to admissibility of evidence. We agree.

■■ Defendant also argues it was reversible error for the trial court to give the instructions to the jury relating to the buyer's right to reject or revoke acceptance of goods. The crux of defendant's argument is that there was no evidence presented showing plaintiff had rejected or revoked acceptance of the loader. As stated earlier, the evidence was vigorously disputed. Upon examination of the record there was sufficient evidence to support the instructions.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.